

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

17 FEB 23 AM 11: 36

CLERK-ALBUQUERQUE *lmn*

# In the De Jure United States District Court

# For the District of New Mexico

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | | |
| RANDALL TODD TOWNSEND | § | CASE # 17 cv 253 KK/WPL |
| CHRISTIE L. TOWNSEND | § | |
| DYLAN STAMPER | § | |
| DIXIE PANKOTAI | § | |
| ANDREW WILLIAM PANKOTAI | § | |
| Claimants | § | |
| | § | |
| v. | § | |
| UNITED STATES, INC. | § | Claim for Trespass |
| DONALD JOHN TRUMP | § | |
| U.S. MARSHAL SERVICE | § | Claim for Trespass |
| STATE OF NEW MEXICO | § | On the Case |
| COUNTY OF VALENCIA | § | |
| VALENCIA COUNTY DETENTION DEPT. | § | |
| US MARSHAL JOHN DOE 1 to 15 | § | |
| JIM GLISSON | § | |
| NEW MEXICO STATE POLICE | § | |
| JEREMY VAUGHAN | § | |
| CAROLYN LUCERO | § | |
| LOUIS BURKHARD | § | |
| 13TH JUDICIAL DISTRICT | § | |
| DANIEL MARTINEZ | § | |
| GARY HALL | § | |
| JOE CHAVEZ | § | |
| RON PEREZ | § | |
| NEXSTAR BROADCASTING, INC. | § | |

Actions for Trespass,            **Randall Todd Townsend et. al.**            Page 1 of 29
Actions for Trespass on the Case                    **v.**
                                        **U.S. et. al.**

JUSTIN COX                          §
MOUNTAIN STATES SALVAGE             §
GEORGE P. EICHWALD                  §
LOUIS P. MCDONALD                   §
TINA R. GARCIA                      §
JOHN W. SANCHEZ                     §
MINDY SMITH                         §
BEN SEGOTTA                         §
MITCHEL W. BENGSTON                 §
LEON RICHTER-FREUND                 §
JOHN F (DOE)                        §
                       Defendants   §

---

## FIRST CAUSE OF ACTION – TRESPASS

---

### PARTIES

1. Comes now, Randall Todd Townsend, ("Townsend"), Christie L. Townsend, Dylan Stamper, Dixie Pankotai, Andrew William Pankotai, People of The United States of America, ("U.S.A.") of sound mind, and The United States of America ("U.S.A."), hereinafter claimants, in this court of record and complains of each of the following: United States, a corporation with Duns #**048163723**, ("U.S."); Donald John Trump, ("Trump"), U.S. Marshal Service, a corporation with Duns #**006024195** ("USMS"); State of New Mexico, a corporation with Duns #**007111818**; County of Valencia, a corporation with Duns #**040706756**; Valencia County Detention Department, a corporation with Duns #**031787134** US Marshal John Doe 1 TO 15,("USJD"); Jim Glisson, ("Glisson"); New Mexico State

Actions for Trespass,                    **Randall Todd Townsend et. al.**                    Page 2 of 29
Actions for Trespass on the Case                         **v.**
                                         **U.S. et. al.**

Police, ("NMSP"); Jeremy Vaughan, ("Vaughan"); Carolyn Lucero, ("Lucero") Louis

Burkhard, ("Burkhard"); 13th Judicial District of New Mexico, a corporation withs Duns

#**783774677;** Daniel Martinez, ("Martinez"); Gary Hall, ("Hall"); Joe Chavez, ("Chavez"),

Ron Perez, ("Perez"); Nexstart Broadcasting, Inc., ("Nextar"); Justin Cox, ("Cox");

Mountain States Salvage ("Salvage"); Goerge P. Eichwald, ("Eichwald"); Louis P.

McDonald, ("McDonald"); Tina R.Garcia, ("Garcia"); John W. Sanchez, ("Sanchez");

Mindy Smith, ("Smith"); Ben Segotta, ("Segotta"); Mitchel W. Bengston, ("Bengston");

Leon Richter-Freund, ("Freund"); John F. Doe ("John F"); hereinafter defendants and co-

conspirators who are each summoned to answer said action in a plea of trespass and trespass

on the case to wit:

## INTRODUCTION

2. As detailed herein, each defendant exceeded his jurisdiction under color of law[1] by either

directly, or through an agent, or in concert with another, did cause claimants to be unlawfully

and forcefully carried away and imprisoned[2] against his will, without jurisdiction or good

cause. Defendants in defiance of a court order infringed on claimants constitutional and natural

rights and committed numerous felonies according to statutes of the U.S.

---

[1]   Color of Law: The appearance or semblance, without the substance, of legal right. Misuse of power, possessed by virtue
of state law and made possible only because wrongdoer is clothed with authority of state, is action taken under "color of
state law." Atkins v. Lanning, D.C.Okl., 415 F. Supp. 186, 188.

[2]   Imprison: To confine a person or restrain his liberty in any way. Black's Law Dictionary, 5th Edition Imprisonment: ...it may be in a
locality used only for the specific occasion; or it may take place without the actual application of any physical agencies of restraint
(such as locks or bars), as by verbal compulsion and the display of available force. Black's Law Dictionary, 5thEdition

Actions for Trespass,                    **Randall Todd Townsend et. al.**                    Page 3 of 29
Actions for Trespass on the Case                    **v.**
                                        **U.S. et. al.**

3. For clarification, in this action at law the U.S.A. or continental refers to that entity created by the Constitution for the United States of America and governed under the common law[3] as guaranteed by the Constitution for the United States of America. U.S. refers to the United States federal corporation[4] created by an act of Congress in 1871[5]. The former is that entity restricted and governed by The Constitution for the United States of America and the later is merely a corporation operating outside that controlling document established for the relieving of the agents of the federal government of any Constitutional[6] infringements on the right of the people.

4. This action is a direct challenge to the jurisdiction[7] of the defendants named herein.

5. From the moment they were taken away, claimants, under color of law, have been kept in actual or constructive imprisonment in spite of a court order[8] of a court of record ordering

---

3   Due process of law is process according to the law of the land ... . ... Due process of law in the latter [the Fifth Article of Amendment to the Constitution) refers to that law of the land which derives its authority from the legislative powers conferred upon Congress by the Constitution of the United States, exercised within the limits therein prescribed and interpreted according to the principles of the common law .... Mr. Justice Matthews, delivering the opinion of the court in Hurtado v. California, 110 U.S. 516, 3 Sup. Ct. 111,292,28 L. Ed. 232 (1884).]

4   28 USC § 3002 (15) "United States means – (A) a federal corporation

5   The District of Columbia Act of 1871, Chapter 62, 16 Statutes at Large, 419

6   "The idea prevails with some, indeed it has found expression in arguments at the bar, that we have in this country substantially two national governments; one to be maintained under the Constitution, with all of the restrictions; the other to be maintained by the Congress outside and independently of that instrument, by exercising such powers as other nations of the earth are accustomed to...I take leave to say that, if the principles thus announced should ever receive the sanction of a majority of this court, a radical and mischievous change in our system of government will result. We will, in that event, pass from the era of constitutional liberty, guarded and protected by a written constitution into an era legislative absolutism...It will be an evil day for American liberty if the theory of government outside the Supreme law of the land finds lodgement in our Constitutional jurisprudence. No higher duty rests upon this court than to exert its full authority to prevent all violation of the principles of the Constitution." Downes v. Bidwell, 182 U.S. 244

7   Basso v. Utah Power & Light Co., 495 F 2d 906, 910; Joyce v. US, 474 F2d 215; Bradbury v. Dennis, 310 F.2d 73 (10th Cir. 1962); Rosemond v. Lambert, 469 F2d 416; Latana v. Hopper, 102 F. 2d 188; Melo v. United States, 505 F. 2d 1026 Middleton v. Low (1866), 30 C. 596, citing Prosser v. Secor (1849), 5 Barb.(N.Y) 607, 608; Elliott v Peirsol, 1 Pet. 328, 340, 26 U.S. 328, 340, 7L.Ed. 164 (1828) Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409

8   See Exhibit B – Order to Release Pankoatai to C.U.S.A. Marshals

Actions for Trespass,                    **Randall Todd Townsend et. al.**                    Page 4 of 29
Actions for Trespass on the Case                    **v.**
                                        **U.S. et. al.**

defendants to release claimant Andrew Pankotai to the continental United States of America (CUSA) Marshals under a mandate from Senior Chief Marshal Tresa Haywood.

6. As documented herein, each defendant conspired to obstruct the natural and constitutional rights of claimants in violation of 18 USC 241.[9]

7. As documented herein, each defendant deprived claimants of claimants' natural and constitutional rights in violation of 18 USC 242.

8. All defendants have or are required by statutes to have a sole and sworn duty to secure claimants' inalienable rights. It is not possible for the defendants to secure claimants rights and violate them.

## PROPER VENUE

9. As detailed herein, this court is the proper venue, because state and U.S. employees are using their positions of authority, under color of law, to impede and obstruct due process of law from claimants. The state employees are defying a court's order under color of law and violating numerous articles of The Constitution for the United States of America and U.S. code.

10. Damages exceed $150,000.00

11. Additionally, defendants are in violation of multiple federal statutes including but not limited to those mentioned above.

## SPECIFICS

12. At all times mentioned in this action, each defendant is the agent of the other, and in doing the act alleged in this action, each is acting in course and scope of said agency.  The following

---

9   See Exhibit C – Excerpt of List of Congressional Acts

Actions for Trespass,
Actions for Trespass on the Case
**Randall Todd Townsend et. al.**
v.
**U.S. et. al.**
Page 5 of 29

paragraphs describe what the defendants, under color of law, either acted or failed to act as obligated.

13. Each defendant exceeded his jurisdiction under color of law. Each defendant acted in concert with the remaining defendants to effect the unlawful loss of liberty of claimants.

14. Each defendant acted in such a way, or failed to act in such a way, that claimants have been deprived of their liberty, reputation, and right to assemble, right to travel, right of free locomotion.

15. On February 2nd, 2017, CUSA Marshals in the direct service to the people of the U.S.A. were directed by a mandate of the Senior Chief Marshal to fulfill the order of a court of record and take into custody Andrew William Pankotai.

16. The CUSA Marshals are peace officers.

17. Claimants are not "U.S. citizens", "U.S. Persons or "corporations", but are people of U.S.A. as those delineated in the preamble to The Constitution for the United States of America.

18. The defendants presumed that claimants are U.S. citizens subject to defendants' jurisdiction.

19. The law of the case is decreed in Exhibit A.

20. Defendant Martinez spoke with Chief Justice Hamilton, Justice Michaelene Jo, Justice Bruce Doucette, Justice Embry, Julie, Grand Jury Investigator Rodger Dowdell and Senior Chief Marshal Tresa Haywood in a conference call that lasted approximately 1 hour and 38 minutes on February 2nd, 2017. During said call, the law regarding the detention and retrieval of Andrew William Pankotai was discussed in depth with defendant Martinez.

Actions for Trespass,                    **Randall Todd Townsend et. al.**                    Page 6 of 29
Actions for Trespass on the Case                    **v.**
                                        **U.S. et. al.**

21. Defendant Martinez was provided via fax orders from the superior court[10] that ordered that Andrew William Pankotai be released to the custody of CUSA Marshals. Defendant Martinez was also provided via fax case law that supported the explanations provided during the conference call.

22. Defendant Martinez agreed when on a subsequent conference call with Justice Doucette and Senior Chief Marshal Tresa Haywood to release Andrew William Pankotai, hereinafter "the prisoner" to the CUSA Marshals.

23. Upon arrival to the Valencia County Detention Center, hereinafter "jail", the claimant CUSA Marshals stepped into the front of the building short of the security check point to inquire where to go to take into custody Andrew William Pankotai.

24. The Marshals were accompanied by Claimant Christie Townsend, who was on scene to aid in operating the private automobile.

25. The CUSA Marshals have their oaths[11] of office on file with a county recorder in at least one of the several states of the union, the Secretary of State within their respective states and with the Secretary of State for the united States of America in Washington D.C.

26. Said oaths of office are easily verified by contacting any one of the above mentioned locations.

---

10  "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law." Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652
11  See Exhibit J

Actions for Trespass,                    **Randall Todd Townsend et. al.**                    Page 7 of 29
Actions for Trespass on the Case                         **v.**
                                                     **U.S. et. al.**

27. All CUSA Marshals had a copy of their oaths of office, the order for the transfer of the prisoner and mandate from the Senior Chief Marshal in their possession at the time of arrival to the jail for the prisoner exchange.

28. The Claimant CUSA Marshals Townsend and Stamper, upon entering the front of the building met with Defendant Martinez.

29. Defendant Martinez instructed the CUSA Marshals to move their automobile to the "sally port" at the rear of the building.

30. Upon arriving to the rear of the building, Defendant Perez instructed the Claimant CUSA Marshals to enter the building.

31. The defendants, however, in defiance to an order of a court of record that even the Supreme Court of the United States has opined[12] it does not have the authority to question, imprisoned the CUSA Marshals and claimants Christie Townsend and Dixie Pankotai claiming that the claimants were attempting to take "contraband" into the jail.

32. According to New Mexico Statute 30-22-14, "Bringing contraband into a jail consists of carrying contraband into the confines of a County or Municipal Jail. Whoever commits bringing contraband into a Jail is guilty of a forth degree felony."

33. The statute excludes[13] "weapons carried by a peace officer in lawful discharge of his duties."

---

12  "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact, by deciding it." Ex parte Watkins, 3 Pet., at 202-203. [cited by SCHNECKLOTH v. BUSTAMONTE, 412 U.S. 218, 255 (1973)

13  Definition of Contraband
    Any deadly weapon, or an essential component part thereof, including ammunition, explosive devices and explosive materials, but **does not include a weapon carried by a peace Officer in lawful discharge of his or her duties.** Currency brought onto the grounds of the institution for the purpose of transfer to a prisoner, but does not include carried into areas designated by the Warden as areas for the deposit and receipt or currency for credit to a prisoner's (continued)

Actions for Trespass,                          **Randall Todd Townsend et. al.**                    Page 8 of 29
Actions for Trespass on the Case                          v.
                                                        **U.S. et. al.**

34. Additionally, the people have a Constitutional and natural right to bear arms.

35. The claimant CUSA Marshals were each carrying a pistol and a knife, yet the only object being referred to as "contraband" by the defendant Vaughan who was posing as a U.S. Marshal was a knife.

36. Defendants U.S. Marshal 1, U.S. Marshal 2, Burkhard, Martinez, Hall, Chavez and Perez have all sworn an oath to uphold and defend the Constitution for the United State of America.

37. Lacking the oath of office to uphold and defend the Constitution for the United States of America, defendants are not permitted to serve in public positions in service to the people of the united States of America.

38. The defendants have charged claimants with attempting to carry "contraband" into the jail although claimants are peace officers that were lawfully discharging their duties.

39. 2011 New Mexico Statute Chapter 30, Criminal Offense, at Article 22-1 states, "Resisting, evading or obstructing an officer consists of: A. knowingly obstructing, resisting or opposing any officer of this state or any other duly authorized person serving or attempting to serve or execute any process or any rule or order of any of the courts of this state or any other judicial writ or process; D. resisting or abusing any judge, magistrate or peace officer in the lawful discharge of his duties. Whoever commits resisting, evading or obstructing an officer is guilty of a misdemeanor."

account before contact is made with any prisoner.

Any alcohol beverage [or] any controlled substance, as defined in the Controlled Substance Act but does not include a controlled substance carried into a prison/jail through regular prison/jail channels and pursuant to the direction or prescription of a regularly licensed physicians. Furthermore, no cameras, tape recorders or cell phones will be allowed to be carried by any persons entering the facility.

Actions for Trespass,                **Randall Todd Townsend et. al.**                Page 9 of 29
Actions for Trespass on the Case                **v.**
                                                **U.S. et. al.**

40. Defendants were provided with copies of orders[14] from a court of record to be carried out by claimant CUSA Marshals.

41. 2011 New Mexico Statute Chapter 30, Criminal Offense, at Article 22-27 states, "A. Disarming a peace officer consists of knowingly: (1) removing a firearm or weapon from the person of a peace officer when the officer is acting within the scope of his duties; or (2) depriving a peace officer of the use of a firearm or weapon when the officer is acting within the scope of his duties. C. Whoever commits disarming a peace officer is guilty of a third degree felony.

42. Defendants obstructed the continental Marshals in discharging their official duties and disarmed them, both criminal offenses of a misdemeanor and class 3 felony respectively.

43. Claimant Marshals were carrying out their official duties as mandated by Senior Chief Marshal Haywood and a copy of Senior Chief Marshal Haywood's mandate was provided to the defendants.

44. Claimant CUSA Marshals were instructed to place their guns in a locker before entering the jail.

45. Claimant CUSA Marshals were abiding by the instructions of the local law enforcement officers when U.S. Marshals and NMSP agents ambushed the claimant CUSA marshals with weapons drawn and ordered the claimant CUSA Marshals to get on the ground.

---

14   See Exhibits B, F & G

Actions for Trespass,               **Randall Todd Townsend et. al.**          Page 10 of 29
Actions for Trespass on the Case               **v.**
                                       **U.S. et. al.**

46. Claimant Mrs. Pankotai has had knee previously had knee replacement surgery and has a bad back. As such, claimant Mrs. Pankotai cannot move quickly to exit a private property automobile.

47. One of the imposter U.S. Marshals did not give claimant Mrs. Pankotai time to exit the private property automobile and used excessive force to drag claimant Mrs. Pankotai from the private property automobile, throw her to the ground, twist her arm behind her back and push his knee into her bad back. Claimant Mrs. Pankotai was the only victim treated in this manner.

48. Defendants State of New Mexico, County of Valencia, Valencia County Detention Center, are privately held corporations that abetted the criminal acts committed by imposter U.S. Marshals and U.S, and New Mexico State police by permitting their employees who are required to swear an oath to uphold and defend the Constitution for the United States of America obstruct the lawful discharge of claimant CUSA Marshals' duties and disarming said Marshals.

49. Said oaths of office serve as contracts between defendants and claimants. A contract that makes defendants contractually obligated to secure claimant's inalienable rights.

50. Defendants Martinez, Chavez, Hall and Perez were all informed of the lawful orders of a court of record.

51. Defendants Martinez, Chavez, Hall and Perez repeatedly referred the Superior Court Justices and the Senior Chief Marshal to the U.S. Marshal Service as though the U.S. Marshal service has higher authority than a court of record that the Supreme Court of the United States has opined[15] it does not have the authority to question. Additionally, the so called "criminal

---

15  "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact, by

Actions for Trespass,                    **Randall Todd Townsend et. al.**                    Page 11 of 29
Actions for Trespass on the Case                          **v.**
                                                        **U.S. et. al.**

complaints" were signed by a defendant Vaughan who was wearing a U.S. Marshal emblem on his tactical vest at the time of the kidnapping on claimants and signed documents as an NMSP agent.

52. Defendant Burkhard permitted his subordinates to commit the above mentioned crimes, although he has sworn an oath to uphold and defend the Constitution for the United States of America and is the highest ranking law enforcement officer in the county who permitted the U.S. Marshals and or state police to dictate "Law" to the people of Valencia County.

53. The U.S. Marshal Service[16] is a foreign agency that has no jurisdiction within Valencia County.  The U.S. Marshal Service has lost its charter and no longer is employed by defendant U.S. although, U.S. Marshal Service is operating under the name of U.S. The Sheriff of the county is the highest law enforcement officer of the county and no other law enforcement officer has any jurisdiction within the county without the sheriff's consent.

54. The sheriff works directly for the people and is sworn to uphold the common law and is the only law enforcement officer mentioned in the Magna Carta.

55. Defendant U.S. has permitted former U.S. Marshal, who are not longer U.S. Marshals to continue a facade that the former U.S. Marshals are still U.S. Marshal although the defendant U.S. has not employed U.S. Marshals since 2015.

---

deciding it." Ex parte Watkins, 3 Pet., at 202-203. [cited by SCHNECKLOTH v. BUSTAMONTE, 412 U.S. 218, 255 (1973)]

16  "United States marshal" means a United States marshal, a deputy marshal, or an official of the United States Marshals Service designated under section 564.

Actions for Trespass,                    **Randall Todd Townsend et. al.**                    Page 12 of 29
Actions for Trespass on the Case                    **v.**
                                        **U.S. et. al.**

56. Defendant Bengston signed an "AFFIDAVIT FOR SEARCH WARRANT"[17], that although very long winded, did not provide any lawful reason for searching the private property of claimants that was used for the official discharge of claimants' duties.

57. Defendant Freund participated in the conspiracy against the CUSA Marshals to interfere with the discharge of the CUSA Marshals official lawful duties as defendant "Approved the legal sufficiency" of the Affidavit, when there was nothing in the affidavit to support serving a search warrant since no crime had been committed as claimants were discharging claimants' official duties.

## SECOND CAUSE OF ACTION – TRESPASS ON CASE

58. Paragraphs 1 through 55 are incorporated as though fully stated herein.

59. Defendant Vaughan signed a statement on regarding the acts that occurred on February 2nd, 2017 that involved the CUSA Marshals. The statements on which he signed stated just above his signature, "**I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS SET FORTH ABOVE ARE TRUE TO THE BEST OF MY INFORMATION AND BELIEF. I UNDERSTAND THAT IT IS A CRIMINAL OFFENSE SUBJECT TO THE PENALTY OF IMPRISONMENT TO MAKE A FALSE STATEMENT IN A CRIMINAL COMPLAINT.**"

60. Defendant Vaughan made five false statements in the so called "criminal complaint" regarding claimant Townsend. This serves as evidence of defendant knowingly and voluntarily participated in a conspiracy to interfere with peace officers discharging their official duties.

17 See Exhibit S

Actions for Trespass,                    **Randall Todd Townsend et. al.**                    Page 13 of 29
Actions for Trespass on the Case                    v.
                    **U.S. et. al.**

61. Defendant Vaughan stated in his sworn statement that Claimant Townsend carried a "deadly weapon (a knife) into the confines of a county (the Valencia County Detention Center), contrary to NMSA 1978, § 30-22-14(B). **Bringing Contraband into a Place of Imprisonment**

62. Claimant Townsend had his knife clipped to his holster which he was about to deposit in a secure locker as directed by defendants prior to entering the building. Before Townsend could deposit his gun and knife into the locker, he was ambushed by defendants.

63. Defendant Vaughan falsely stated in a sworn statement that Claimant Townsend had a folding knife in Townsend's pocket, although the folding knife was clearly clipped to Townsend's holster.

64. Defendant Vaughan stated in a sworn statement that Townsend "did knowingly combine with Dylan Stamper, Dixie Pankotai and Christie Townsend, or another for the purpose of committing **Bringing Contraband into a Place of Imprisonment."**

65. There is no way that Defendant Vaughan could have possibly known what was in the minds of claimants, especially, since claimants were in the process of going to secure their guns and knives in a secure area.

66. Defendant Vaughan Falsely reported in a sworn statement signed under penalty of perjury that claimant's "Mr. Townsend and Mr. Stamper were armed with firearms when they entered the Valencia County Detention Center two different times.

67. The second time that the claimants entered the detention center, they had been ambushed by defendants prior to entering, disarmed while discharging claimants' official duties, and dragged

Actions for Trespass,                          **Randall Todd Townsend et. al.**                          Page 14 of 29
Actions for Trespass on the Case                          **v.**
                                                          **U.S. et. al.**

into the building in handcuffs. As such, claimants could not have carried "contraband" into the

building where prisoners are kept, even though exception is made for peace officers

discharging their official duties.

68. Defendant Vaughan admitted in his sworn statement signed under penalty of perjury, "Randall

Townsend exited the vehicle and came around the rear of the vehicle. We approached the

vehicle and ordered all four subjects out of the vehicle and onto the floor of the detention

center sally port."

69. The so called vehicle was parked outside of the building so the claimants had not entered the

building a second time carrying their pistols and knives. The claimants were not in fact armed

with firearms[18], but were in fact armed with pistols.

70. The first time that claimants entered the front of the building to inquire about where to take

the prisoner into custody, they were armed, however, as previously mentioned, the statute

excludes[19] "weapons carried by a peace officer in lawful discharge of his or her duties."

18  26 USC § 5845(a) The term "firearm" means (1) a shotgun having a barrel or barrels of less than 18 inches in length;
    (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or
    barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a
    weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels
    of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) any silencer
    (as defined in section 921 of title 18, United States Code); and (8) a destructive device. The term "firearm" shall not
    include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a
    weapon, the Secretary finds by reason of the date of its manufacture, value, design, and other characteristics is primarily
    a collector's item and is not likely to be used as a weapon.
19 Definition of Contraband
    Any deadly weapon, or an essential component part thereof, including ammunition, explosive devices and explosive
    materials, but **does not include a weapon carried by a peace Officer in lawful discharge of his or her duties**.
    Currency brought onto the grounds of the institution for the purpose of transfer to a prisoner, but does not include carried
    into areas designated by the Warden as areas for the deposit and receipt or currency for credit to a prisoner's account
    before contact is made with any prisoner.

    Any alcohol beverage [or] any controlled substance, as defined in the Controlled Substance Act but does not include a
    controlled substance carried into a prison/jail through regular prison/jail channels and pursuant to the direction or
    prescription of a regularly licensed physicians. Furthermore, no cameras, tape recorders or cell phones will be allowed to

Actions for Trespass,                    **Randall Todd Townsend et. al.**                    Page 15 of 29
Actions for Trespass on the Case                    v.
                                              **U.S. et. al.**

71. Defendant Vaughan falsely stated in the report to which he swore under penalty of perjury that "All four subjects were informed they were investigative detention." None of the claimants were informed they were being held in investigative detention.

72. Defendant Vaughan falsely stated on a report that he signed under penalty of perjury "I was directly aware that Mr. Pankotai is in Valencia County custody pertaining to felony arrest warrants served on him in Valencia County, New Mexico on January 30, 2017." The defendants did not serve a warrant on claimant Mr. Pankotai and refused to show a warrant to either Mr. or Mrs. Pankotai when both demanded to see it. Claimants later learned that defendants did not receive a copy of a warrant until approximately 45 minutes after claimant Mr. Pankotai was arrested. Said warrant was not a warrant signed in wet ink as required by law.

73. None of the so called U.S. Marshals would show their badges to claimants Mr. and Mrs. Pankotai most likely because the so called U.S. Marshals are no longer U.S. Marshal since 2015 when defendant U.S. Marshals lost its charter with defendant U.S.

74. Defendant Vaughan made the same false statements in three other so called "criminal complaints" stated about Claimants Stamper, Pankotai and Christie Townsend for a total of 20 counts of making a false statement under penalty of perjury.

75. Defendants lacked an independent presentment or indictment from an independent grand jury as required by the fifth article of amendment to the Constitution for the United States of America.

be carried by any persons entering the facility.

Actions for Trespass,                **Randall Todd Townsend et. al.**                Page 16 of 29
Actions for Trespass on the Case                              **v.**
                                                     **U.S. et. al.**

## THIRD CAUSE OF ACTION – TRESPASS

76. Paragraphs 1 through 72 are incorporated as though fully stated herein.

77. Defendants upon the unlawful imprisonment of claimants stole, while armed with weapons, private property either in the control of or owned by claimants. The theft included personal property and a private property automobile owned by claimant Townsend[20].

78. Defendant Mountain State Salvage held the private property automobile owned by claimant Townsend until claimant Townsend paid a ransom[21] to obtain his own private property.

79. While defendants were holding for ransom claimant Townsend's private property automobile, defendants ransacked the private property leaving it is disarray.

80. Since defendants had no lawful authority to imprison the claimant CUSA Marshals who were discharging previously court ordered duties[22], defendants had no authority to ransack claimants private property.

## FOURTH CAUSE OF ACTION – TRESPASS ON CASE

81. Paragraphs 1 through 77 are incorporated as though fully stated herein.

82. Defendants Nexstar and Cox, did broadcast multiple false statements about claimants upon the public airwaves through its media outlets KRQE News 13 and through the Internet web site located at krqe.com.

83. The headline on the article posted on the Internet stated "Four people are behind bars for trying to bust their buddy out of the Valencia County Detention Center."

20  See Exhibit O
21  See Exhibit U - Ransom
22  See Exhibit B – Order to Release

Actions for Trespass,                    **Randall Todd Townsend et. al.**                    Page 17 of 29
Actions for Trespass on the Case                    **v.**
                    **U.S. et. al.**

84. The news article also falsely stated, "New Mexico State Police say Dixie Pankotai, Dylan Stamper, Christie Townsend and Randall Townsend were trying to get Andrew Pankotai out of jail, who was arrested for a warrant out of Pennsylvania."

85. The article also falsely stated, "According to the criminal complaints, the four faxed documents claiming he was behind bars illegally and U.S. Marshals were coming to pick him up."

86. The CUSA Marshals were discharging their lawful duty to take custody of the prisoner to have him charged in the original jurisdiction of the U.S.A. under the common law. As previously stated herein, the continental Marshals directly service the people of the U.S.A. and have sworn an oath to do so. Said oath of office is filed within numerous county clerk's offices, the Secretary of State from each respective state and the Secretary of State of the United States of America.

87. The CUSA Marshals were not attempting to "bust their buddy out of jail".

88. None of the documents faxed to the jail referred to the CUSA Marshals as "U.S. Marshals" as falsely stated by defendants Nexstar and Cox. The U.S. Marshals are a contracted agency formerly employed by the U.S. corporation before losing its funding in 2015 and taking on short term contracts for various other agencies in the several states such as courts and police departments. However, the use of the emblems that present to the public that said contractors are U.S. Marshals is done so to fool people into believing that the contractors are a federal agents although the contractors are not employed by any federal agency.

Actions for Trespass,                    **Randall Todd Townsend et. al.**                    Page 18 of 29
Actions for Trespass on the Case                    **v.**
                                                **U.S. et. al.**

89. Defendants Nexstar and Cox have caused long term damage to the reputations of claimants for which they are still attempting to recover. For example, claimant Stamper has lost his position with his choir in his church as drummer.

90. Superior Court Justice Michaelene Jo spoke with defendant Smith who works at the governors office, to inform the governor of the unlawful imprisonment of claimant Pankotai.

91. Defendant Smith blocked access to the governor from Justice Jo.

92. Defendant Smith stated to Justice Jo, "I am not going to help you, because you are trying to get your friend out of jail".

93. Defendant Smith has directly conspired with co-defendants to hold unlawfully claimant Pankotai for the purpose of the local corporation to get paid by the Pennsylvania corporation.

## FIFTH CAUSE OF ACTION – TRESPASS ON CASE

94. Paragraphs 1 through 90 are incorporated as though fully stated herein.

95. Defendant U.S. has, through frauds and swindles, taken control of U.S.A. using deceptive means to overthrow the republican form of government.

96. Defendant U.S. has defamed the character, integrity and dignity of Claimant U.S.A.

97. Defendant U.S. has forwarded false elections to seat federal officers when in fact said officers were seated for the U.S. corporation.

98. Defendant U.S. has forced the several states into bankruptcy during or about the year 1938 in order to force the several states to participate in the corporate bankruptcy of the U.S. corporation that occurred approximately 1933 and swindled the people into paying for the bankruptcy.

99. The fraud has been perpetrated through the courts, by enforcing statutes designed specifically to coerce money from the American people.

100. The courts and the foreign agent BAR members have conspired against and injured the American people by not allowing any case law to be cited in any inferior court cases that use Constitutional arguments or that provide case evidence of the fraud perpetrated by the members of the BAR.

101. The corporate officers reveal their deceit by openly referring to the "United States" as a "democracy".

102. Article IV, Section 4[23] of the constitution for the United States of America guarantees a republican form of government to all of the several states.

103. Under a republican form of government, the government must get the consent[24] of the people before it can take any action against them.

104. Although People are sovereign[25], the people[26] have granted certain sovereign powers to the U.S.A. over all corporations, including the U.S. corporation.

23  Article IV, Section 4 - The United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic Violence.
24  The Declaration of Independence - That to secure these Rights, Governments are instituted among Men, deriving their just Powers from the Consent of the Governed, that whenever any Form of Government becomes destructive of these Ends, it is the Right of the People to alter or to abolish it, and to institute new Government, laying its Foundation on such Principles, and organizing its Powers in such Form, as to them shall seem most likely to effect their Safety and Happiness.
25  In our country the **people are sovereign** and the Government cannot sever its relationship to the people by taking away their citizenship. Our Constitution governs us and we must never forget that our Constitution limits the Government to those powers specifically granted or those that are necessary and proper to carry out the specifically granted ones. (emphasis added)
26  But be that as it may, there is no such thing as a power of inherent sovereignty in the government of the United States. It is a government of delegated powers, supreme within its prescribed sphere, but powerless outside of it. In this country, sovereignty resides in the people, and congress can exercise no power which they have not, by their constitution, entrusted to it; all else is withheld. Legal Tender Cases, 110 U.S. 421 (1884) also referred to the Julian v Greeman.

Actions for Trespass,                    **Randall Todd Townsend et. al.**                    Page 20 of 29
Actions for Trespass on the Case                         **v.**
                                                    **U.S. et. al.**

105. The U.S. impersonating the U.S.A.[27] has caused long term and irreparable damage to the U.S.A. and the people.

106. U.S. has run up a deficit that has been passed on to the American People as though the American People can be held responsible for the debt of a corporation.

107. The members of the BAR have conspired to aid the U.S in committing the fraud and swindle by passing statutes requiring membership to the BAR, a corporation owned and operated by Northern Trust Company or another corporation formed under the crown of England, to "practice law".

108. This created a closed union shop in violation of the Smith Act.

109. The Foreign Agent Registration Act ("FARA") of 1938 requires all foreign agents to register with the federal government.

110. None of the BAR members have registered with the federal government as required by FARA.

111. The original 13th Article of Amendment[28] to the Constitution of the United States of America disallows anyone with a title of nobility from serving in public office or retaining citizenship to the United States (of America).

---

27 "The idea prevails with some, indeed it has found expression in arguments at the bar, that we have in this country substantially two national governments; one to be maintained under the Constitution, with all of the restrictions; the other to be maintained by the Congress outside and independently of that instrument, by exercising such powers as other nations of the earth are accustomed to...I take leave to say that, if the principles thus announced should ever receive the sanction of a majority of this court, a radical and mischievous change in our system of government will result. We will, in that event, pass from the era of constitutional liberty, guarded and protected by a written constitution into an era legislative absolutism...It will be an evil day for American liberty if the theory of government outside the Supreme law of the land finds lodgement in our Constitutional jurisprudence. No higher duty rests upon this court than to exert its full authority to prevent all violation of the principles of the Constitution." Downes v. Bidwell, 182 U.S. 244 as opined by the Honorable Justice John Marshall Harlan.

28 See Exhibit E – Last page of Certified Copy from Texas State Library and Archive Commission

Actions for Trespass,                    **Randall Todd Townsend et. al.**              Page 21 of 29
Actions for Trespass on the Case                         **v.**
                                              **U.S. et. al.**

112. Article 1, Section 10, Clause 1 of the Constitution for the United States of America disallows any of the states to "grant any Title of Nobility."

113. Members of the BAR are granted the title of nobility of "Esquire" a title just above the English title of nobility "Gentleman" and just below that of "Knight".

114. BAR members are foreign agents that have conspired with their foreign controllers to take over the United States of America with a corporation similarly named for the purpose of deceiving people into subjecting themselves to the corporation.

115. There is evidence[29] of the BAR's conspiracy as documented in a letter written from the BAR to the Colorado governor of said state.

116. People are creations of God. U.S. citizens are a creation of the U.S. Congress as defined in the 14th Article of Amendment to the Constitution of the United States of America in which a U.S. citizen is one having met two separate criteria. Those who do not meet both criteria are not U.S. Citizens. Those who meet only the first criteria are non-citizen nationals who are free people upon the land protected by the common law.

## SIXTH CAUSE OF ACTION – TRESPASS

117. Paragraphs 1 through 108 are incorporated as though fully stated herein.

118. The U.S. has terrorized the American people by using terrorist tactics to invade homes of the people in an effort to scare them into submission.

119. The U.S. has used force against the people with armed so called "law enforcement" officers as those used in the terror attack that caused the damages to claimants herein  using military tactics

29  See Exhibit H.

to take their homes, private property and in many cases their freedom, for having committed no crime[30].

120. The U.S. corporation has committed these atrocities through use of the U.S. ATC, the U.S. F.B.I. and the U.S. Marshal's Service.

121. Donald John Trump is the CEO of the U.S. corporation for whom the U.S. Marshal Service has committed this act.

122. Donald John Trump is ultimately responsible for the actions of his subordinates.

## SEVENTH CAUSE OF ACTION – TRESPASS

123. Paragraphs 1 through 114 are incorporated as though fully stated herein.

124. Defendants Martinez, Chavez, Hall and Perez have kept claimant Mr. Pankotai imprisoned without medical attention.

125. Defendants continue to hold claimant Pankotai although claimant has committed no crime or cause any injury to anyone in New Mexico and there is no extradition order from the State of Pennsylvania.

126. One of the superior court justices has presented an affidavit herein that confirms Pennsylvania has not ordered the extradition of claimant Pankotai at the time of this writing.

127. Defendants Martinez, Chavez, Hall and Perez have attempted to coerce claimant Pankotai to sign a "waiver of extradition" in exchange for medical attention to ascertain why claimant Pankotai has been bleeding through his mouth.

## EIGHTH CAUSE OF ACTION – TRESPASS ON CASE

[30]"For a crime to exist there must be an injured party. There can be no sanction or penalty imposed upon one because of his exercise of his constitutional rights." Sherar v. Cullen, 486 F. 945

Actions for Trespass,                    **Randall Todd Townsend et. al.**                    Page 23 of 29
Actions for Trespass on the Case                         **v.**
                                        **U.S. et. al.**

128. All defendants named herein have breached their oaths of office and or are not on a Constitutionally required oath.

129. All defendants named herein have breached their duty to the people to secure their rights as required by the Constitution for the United States of America.

130. All defendants have breached their contracts with the original jurisdiction government of the United States of America and the several states to serve the people and secure their rights by violating their rights. Defendants cannot secure the peoples' rights and violate them at the same time.

131. All defendants herein have conspired to overthrow the republican form of government as protected by the Constitution for the United States of America, an act of treason and sedition.

## **REQUEST FOR RELIEF**

132. For that cause of action therefore claimants bring this action at law.

133. WHEREFORE, claimants requests relief and judgment against defendants as follows:

134. WHEREFORE, claimant prays judgment against defendants, and each of them, as follows:

135. For First Cause of Action $50,000.00 per day each claimant is detained under actual imprisonment, and $5,000.00 for each day starting the day that claimants are freed from actual imprisonment until the issues before this court are settled to be paid to each claimant held in actual imprisonment;

136. For Second Cause of Action $100,000.00.

Actions for Trespass,                **Randall Todd Townsend et. al.**                Page 24 of 29
Actions for Trespass on the Case                **v.**
                                   **U.S. et. al.**

137. For Third Cause of Action, $52,000.00 paid to claimants whose property was stolen with $20,000. to be paid to Claimant Townsend whose is owner of the private conveyance held for ransom and $32,000.00 to be divided among the remaining claimants.

138. For Fourth Cause of Action $1,800,000.00 to be paid by defendants Nexstar Broadcasting, Inc. and Justin Cox to be paid in the amount of $360,000.00 to claimants Townsend, Townsend, Stamper, Pankotai and Pankotai.

139. For Fifth Cause of Action $350,000,000,000.00 to be paid by Defendant United States, Inc. to the united States of America, the de jure original jurisdiction united states as united under the Constitution for the United States of America.

140. For Sixth Cause of Action, $350,000,000,000.00 to be paid by Defendant United States, Inc. to the united States of America, the de jure original jurisdiction united states as united under the Constitution for the United States of America.

141. For Seventh Cause of Action $75,000.00 to be paid to claimant Mr. Pankotai in addition to the $50,000.00 per day held in actual imprisonment.

142. For the Eighth Cause of Action $250,000.00 per claimant paid to each claimant.

143. That the court enter a declaratory judgment ordering the State of New Mexico and the United States and all its subdivisions, municipalities, counties townships, villages, towns or any other subdivision falling under the jurisdiction of New Mexico and/or the United States, Inc. to update its records removing claimants from their respective jurisdictions;

144. That the court enter a declaratory judgment that defendants have acted contrary to constitutional right, power or privilege;

Actions for Trespass,                    **Randall Todd Townsend et. al.**                    Page 25 of 29
Actions for Trespass on the Case                        **v.**
                                          **U.S. et. al.**

145. That the court enter a declaratory judgment that defendants actions were in excess of statutory jurisdiction, authority and short of statutory right;

146. That the court permanently enjoin defendants from interfering with claimants' lawful right of free travel;

147. That the court enter a judgment dismissing the causes for which all claimants were arrested;

148. The court enter a judgment ordering Sheriff Louis Burkhard and any subsequent sheriff and all sheriffs throughout the united States of America to return to the service of the people as each sheriff is elected by the people to serve the people and not the corporations.

149. That the court order President Donald John Trump to take the seat of the original jurisdiction de jure government until such time as the election for the president can be held according to the Constitution for The United States of America during the next term.

150. That the court release defendant Trump from this action other than the requirement the above mentioned order upon providing evidence that the orders of the superior court of record have been obeyed and has returned his duty to the people and abide by the common law and release from imprisonment claimants named herein.

151. That the court issue a declaratory judgment that the C.U.S.A. Marshals a.k.a Continental Marshals, are the highest law enforcement agency serving the people of the united States of America having jurisdiction in every state of the union over and above the law enforcement agencies employed by contract for the United States corporation including but not limited to the U.S. Marshal Service, the U.S. Bureau of Alcohol, Tobacco Firearms and Explosives, The Federal Bureau of Investigations and any other agency, entity, bureau or administration as said

Actions for Trespass,                    **Randall Todd Townsend et. al.**                    Page 26 of 29
Actions for Trespass on the Case                         **v.**
                                          **U.S. et. al.**

agencies, entities, bureaus and administrations are employed by a corporation having no

jurisdiction within the several states members of the union and only have jurisdiction within the

territorial boundaries of Washington D.C. and other outpost, and territories belonging to the

corporation.

152. That the court issue a declaratory judgment that the United States of America (U.S.A) cease all

ties with any foreign central bank, including but not limited to any bank under the control of the

Rothschild family and take responsibility for coining money per The Constitution for the United

States of America at Article I, Section 8, Clause 5.

153. That the court grant claimants such other and further relief as the court deems proper;

154. For interest as allowed by law;

155. For cost of suit;

I declare under penalty of perjury in the United States of America that the foregoing facts are true

and correct to the best of my knowledge.

February 21st, 2017 Valencia County, New Mexico.

Randall Todd Townsend
c/o 600 S. Bell St.
Hamilton, Texas [76531]

S/ Dylan Stamper
Dylan Stamper
c/o 3600 W 2nd #38
Roswell, New Mexico 88201

Christie L. Townsend
c/o 600 S. Bell St.
Hamilton, Texas [76531]

S/ Andrew William Pankotai                                                     S/ Dixie Pankotai
Andrew William Pankotai                                                        Dixie Pankotai
c/o 202A Desoto Ave.                                                           c/o 202A Desoto Ave.
Belen, New Mexico 87002                                                        Belen, New Mexico 87002

**Please serve defendants.**

| | | |
|---|---|---|
| **United States**<br>1600 Pennsylvania Ave,<br>Wahington, D.C. 20500 | **U.S. Marshal Service**<br>333 Lomas Blvd NW<br>Albuquerque, NM 87102 | **Jim Glisson**<br>333 Lomas Blvd NW<br>Albuquerque, NM 87102 |
| **Donald John Trump**<br>1600 Pennsylvania Ave.<br>Washington, D.C. 20500 | **County of Valencia**<br>444 Luna Ave.<br>Los Lunas, NM 87031 | **Jeremy Vaughan**<br>333 Lomas Blvd NW<br>Albuquerque, NM 87102 |
| **State of New Mexico**<br>7200 Montgomery Blvd. NE<br>Albuquerque, NM 87109 | **U.S. Marshal 1**<br>333 Lomas Blvd NW<br>Albuquerque, NM 87102 | **George P. Eichwald**<br>1835 NM-314<br>Los Lunas, NM 87031 |
| **Valencia County Detention Dept.**<br>436 Los Lentes Rd SE<br>Los Lunas, NM 87031 | **U.S. Marshal 2**<br>333 Lomas Blvd NW<br>Albuquerque, NM 87102 | **Louis P. McDonald**<br>1835 NM-314<br>Los Lunas, NM 87031 |
| **Daniel Martinez**<br>436 Los Lentes Rd SE<br>Los Lunas, NM 87031 | **Louis Burkhard**<br>436 Los Lentes Rd SE<br>Los Lunas, NM 87031 | **Mindy Smith**<br>490 Old Santa Fe Trail<br>Room 400<br>Santa Fe, New Mexico 87504 |
| **Gary Hall**<br>436 Los Lentes Rd SE<br>Los Lunas, NM 87031 | **Joe Chavez**<br>436 Los Lentes Rd SE<br>Los Lunas, NM 87031 | **John W. Sanchez**<br>1835 NM-314<br>Los Lunas, NM 87031 |
| **Ron Perez**<br>436 Los Lentes Rd SE<br>Los Lunas, NM 87031 | **Justin Cox**<br>1213 San Pedro Dr. NE<br>Albuquerque, NM 87110 | **New Mexico State Police**<br>2501 Carlisle Blvd. N.E.<br>Albuquerque, NM 87110 |
| **Nexstar Broadcasting, Inc.**<br>1213 San Pedro Dr. NE<br>Albuquerque, NM 87110 | **13ᵗʰ Judicial District**<br>1835 NM-314<br>Los Lunas, NM 87031 | **Tina R. Garcia**<br>1835 NM-314<br>Los Lunas, NM 87031 |
| **Mountain States Salvage**<br>943 Highway 314 N.W.<br>Los Lunas, NM 87031 | **Carolyn Lucero**<br>2501 Carlisle Blvd. N.E.<br>Albuquerque, NM 87110 | **Cindy M. Mercer**<br>1835 NM-314<br>Los Lunas, NM 87031 |

Actions for Trespass,                    **Randall Todd Townsend et. al.**                    Page 28 of 29
Actions for Trespass on the Case                    **v.**
                                         **U.S. et. al.**

**Ben Segotta**
333 Lomas Blvd NW
Albuquerque, NM 87102

**Mitchel W. Bengston**
2501 Carlisle Blvd. N.E.
Albuquerque, NM 87110

**Leon Richter-Freund**
1835 NM-314
Los Lunas, NM 87031

**John F. Doe**
1835 NM-314
Los Lunas, NM 87031

Actions for Trespass,
Actions for Trespass on the Case          **Randall Todd Townsend et. al.**
                                                    **v.**
                                              **U.S. et. al.**          Page 29 of 29

# List of Exhibits

A) Law of the case
B) First Order to release Andrew William Pankotai to USA Marshals
C) List Excerpt from List of Congressional Acts
D) False news report from KRQE News 13
E) Original 13th Amendment
F) 2nd Order
G) Order to Sheriff
H) Conspiracy Letter from BAR
I) Mandate From Chief
J) Oaths of Office
K) Randy Charges
L) Dylan Charges
M) Christie Charges
N) Dixie Charges
O) Car Title
P) Evidence of Theft 1
Q) $50,000 Bond
R) Probable Cause
S) Affidavit for Search Warrant
T) Search Warrant
U) Mountain State Wrecker Service Invoice