IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
RANDALL TODD TOWNSEND,
CHRISTIE L. TOWNSEND,
DYLAN STAMPER, DIXIE PANKOTAI,
and ANDREW WILLIAM PANKOTAI,

      Claimants,

vs.                No. 17-CV-253, SWS-MLC

UNITED STATES, INC., et al.,

      Defendants.

## MOTION TO DISMISS

COME NOW Defendants County of Valencia, Valencia County Detention Department, Louis Burkhard, Daniel Martinez, Gary Hall and Joe Chavez (collectively hereinafter, "Valencia County"), by their undersigned counsel, pursuant to F.R.Civ.P. 12(b)(6), and respectfully move the Court to dismiss the Complaint filed on February 23, 2017 (Doc. 1).[1]

THE GROUNDS FOR THIS MOTION are that the Complaint fails to state any claim upon which relief can be granted against the movant Valencia County (or, for that matter, against any other defendant) that is within the subject-matter jurisdiction of the Court.

### STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is

---

[1] The individual defendants-movants are Louis Burkhard, Sheriff of Valencia County; Gary Hall, Deputy Sheriff; Joe Chavez, Warden of the Valencia County Adult Detention Center and the Valencia County Detention Department; and Daniel Martinez, Detention Center Records Manager.

plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). Legal conclusions are not to be considered by the Court. <u>Id.</u> Mere labels, conclusions or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim. <u>Bell Atlantic Corp. v. Twombly</u>, <u>supra</u>, 550 U.S. at 555 (complaint's factual allegations must "raise a right to relief above the speculative level"). In ruling on a motion to dismiss, therefore, the Court should "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." <u>Kansas Penn Gaming, LLC v. Collins</u>, 656 F.3d 1210, 1214 (10th Cir. 2011).

Significant to the case at bar, moreover, the Supreme Court has made clear that deciding whether a particular complaint states a "plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Ashcroft v. Iqbal</u>, <u>supra</u>.

## INTRODUCTION

The Plaintiffs (or Claimants, as they call themselves) are self-described "Continental United States of America Marshals" who are "in the direct service to the people of the U.S.A" which body, as meant by the Claimants, is *sui generis* and different in kind from the "United States of America" as the Court may know it. Claimants, moreover, do not view themselves as U.S. citizens, and apparently do not recognize the jurisdiction of the United States,

-2-

the State of New Mexico, or the County of Valencia.  See Complaint,
¶¶ 1, 3, 15-19.  In the case at bar, Claimants purport to act under
the authority of an "Order" by the "Common Law Court of Record" of
"We the People" which is a "fourth branch of the dejure government"
and which "Order" was signed by Michaelene Jo, acting as
"Continental United States Superior Court Judge of the Common Law"
and which "Order" commanded the immediate release of one of the
Claimants, "Andrew William of the family Pankotai" from the custody
of the Valencia County Adult Detention Center, where he was held.
See Complaint ¶ 5; Complaint Exhibit B, a copy of which is attached
hereto as Exhibit 1.

More prosaically, Plaintiff Andrew William Pankotai was, at
all material times, a fugitive from justice being held in custody
in the Valencia County Adult Detention Center on a warrant from the
Commonwealth of Pennsylvania, awaiting extradition. See Exhibit 2
(extradition documents).  On February 2, 2017 the other Plaintiffs
attempted--through subterfuge, using their own "Orders" and while
armed with firearms--to free him from jail, at which time they were
arrested by true United States Marshals and New Mexico State Police
officers, and taken into custody.  See Exhibit 3 (Incident Report).
Although made somewhat opaque by the pleading, the above facts
apparently constitute the basis for the instant civil action.

Plaintiffs now attempt to bring civil tort claims against
twenty-seven entities and individuals and fifteen John Does,
ranging from "United States, Inc." to President Donald J. Trump, to
State of New Mexico District Court Judges Eichwald and McDonald, to

-3-

Nexstar Broadcasting, Inc. and Mountain States Salvage, to movant Louis Burkhard, the Valencia County Sheriff.  The Plaintiffs state claims of "Trespass" and "Trespass on Case" and seek billions of dollars in damages.  See, e.g., Complaint at ¶ 140 (requesting Defendant United States, Inc. to pay $350,000,000,000.00).

## ARGUMENT AND AUTHORITIES

Plaintiffs bring claims of "Trespass" and "Trespass on Case" (two common-law torts) without any showing or plausible suggestion of jurisdiction by the United States District Court.  In fact, the Complaint fails to state a claim that is "plausible on its face." Ashcroft v. Iqbal, supra; Bell Atlantic Corp. v. Twombly, supra. The Court, drawing on its own judicial experience and common sense, Kansas Penn Gaming, LLC v. Collins, supra, should dismiss the suit.

Apart from no showing of subject-matter jurisdiction over common-law torts, the movants are immune from liability as to these torts.

There is no doubt that the County of Valencia of the State of New Mexico, the Valencia County Detention Department, the Sheriff and the county employees--movants herein--are "government entities" or "public employees" within the meaning and express definitions of the New Mexico Tort Claims Act.  See § 41-4-3, Subsections (B), (C), (F), NMSA 1978.

Therefore, it is hornbook law that the movants are immune from liability for any tort unless the State's sovereign immunity is waived in the New Mexico Tort Claims Act.  The waiver of immunity is "limited to and governed by" the New Mexico Tort Claims Act,

-4-

which constitutes the "exclusive remedy" for any tort action.  See,
i.e. NMSA 1978, §§ 41-4-2(A), 41-4-4(A), 41-4-17; Garcia-Montoya v.
State, 130 N.M. 25, 43, 16 P.3d 1084, 1102 (2001)(Tort Claims Act
provides immunity to government entities and public employees as to
all torts unless immunity is waived in New Mexico Tort Claims Act).
The statute is valid and constitutional as to the immunity itself
and the express, limited waivers of immunity.  See Ferguson v.
State Highway Comm'n, 99 N.M. 194, 656 P.2d 244 (Ct.App. 1982),
cert. denied, 99 N.M. 226, 656 P.2d 889 (1983).

In this regard, there is no waiver of immunity for the "torts"
brought by Claimants, to wit: Trespass and Trespass on the Case.
See Townsend v. State ex rel. State Highway Dep't, 117 N.M. 302,
303-304, 871 P.2d 958, 959-960 (1994) (New Mexico Tort Claims Act
does not waive immunity for tort of trespass); Garcia-Montoya v.
State, supra; see Prosser and Keeton on the Law of Torts (5th ed.),
§ 6 ("Trespass" and "Trespass on the Case" are similar torts
derived from the same early English writ of action as remedy for
all forcible, direct and immediate injuries to person or property;
"the distinction between the two lay in the immediate application
of force to the person or property of the plaintiff, as
distinguished [in the case of Trespass on the Case"] from injury
through some obvious and visible secondary cause").

## CONCLUSION

The Complaint fails to show that the Court has jurisdiction
over the two common-law tort claims pleaded by the Plaintiffs, and
fails to state a claim for relief that is facially plausible.

-5-

Moreover, even if the Court has jurisdiction, Valencia County is immune from liability for those torts as a matter of law.

The Court should grant the motion and dismiss with prejudice all claims brought against the Defendants County of Valencia, Valencia County Detention Department, Sheriff Louis Burkhard, Daniel Martinez, Gary Hall and Joe Chavez, and should award such other relief as the Court deems appropriate, just and proper.

Respectfully submitted,

**LAW OFFICE OF MICHAEL DICKMAN**

**By:  /s/ Michael Dickman**
   **MICHAEL DICKMAN**
Post Office Box 549
Santa Fe, New Mexico 87504
505-989-9360
mikedickman@yahoo.com
**Attorney for Defendants**
**County of Valencia,**
**Valencia County Detention Dep't,**
**Louis Burkhard, Daniel Martinez,**
**Gary Hall and Joe Chavez**

## <u>CERTIFICATE OF SERVICE</u>

I certify that I caused copies of this motion
to be electronically served on
all counsel of record
at their email addresses as registered on CM/ECF
and to be mailed by U.S. mail, postage prepaid, to

Randall Todd Townsend
Christie L. Townsend
Plaintiffs Pro Se
600 South Bell Street
Hamilton, TX 76531

Dylan Stamper
Plaintiff Pro Se
3600 West 2d Street, #38
Roswell, NM 88201

Andrew William Pankotai
Dixie Pankotai
Plaintiffs Pro Se
202A Desoto Avenue
Belen, NM 87002

on the date of filing hereof

<u>**/s/ Michael Dickman**</u>
**MICHAEL DICKMAN**

# MOTION EXHIBITS

*Exhibit B1*

FILED Doc # _____
Common Law Court of Record

**Common Law Court of Record**
**We the People**

January 19 2017

On the Land
We the People

| | | |
|---|---|---|
| Andrew William of the family Pankotai | § | **ORDER FOR ESTOPPEL OF EXTRADITION** |
| | § | **and** |
| v | | **ORDER FOR IMMEDIATE RELEASE** |
| | § | |
| VALENCIA COUNTY | | |
| STATE OF NEW MEXICO | § | Claim No. RE445621155US1-awp-1 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ORDER**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

We the People

    **WHERE AS** the People are the fourth branch of the dejure government;

    **WHERE AS** President Donald J Trump stated in his inaugural speech that the government is returned to the People. The People are not run by the government. The People give orders to the government. The President in his Proclamation 9570 of January 20, 2017, 'National Day of Patriotic Devotion', stated that the Proclamation was written "in order to strengthen our bonds to each other and to our country—and to renew the duties of Government to the people."

    **WHERE AS** Andrew William of the family: Pankotai is not a U.S. Citizen and may not be held under its statutes and codes;

    **WHERE AS** the People do not accept, do not consent and do not contract to having one of their own being held in Valencia Adult Detention Center.

    **WHERE AS** the government in New Mexico is run by the People.

    **WHERE AS** Valencia County Court nor any New Mexico court has jurisdiction over One of the People, specifically Andrew William.

    **WHERE AS** Andrew William is One of the People. The People are the only ones that can try him before a jury of his peers. That is a jury of the People in a court of record.

Page 1 of 3


EXHIBIT
1

*Exhibit B 2*

**WHERE AS** THIRTEENTH JUDICIAL DISTRICT is a private corporation with DUNS number: 783774677. As such, the agents of said corporation cannot extradite Andrew William. Agent Magistrates, Sanchez and Garcia have no jurisdiction or authority over Andrew William and cannot just 'declare' that they do.

**WHEREAS** Authority cannot be decided by an officer just by his decision. That officer decides at his own peril. Middleton v. Low (1866), 30 C. 596, citing Prosser v. Secor (1849), 5 Barb.(N.Y) 607, 608. No officer can acquire jurisdiction by deciding he has it. The officer, whether judicial or ministerial, decides at his own peril. [Emphasis Mine]
and
Valley v. Northern Fire and Marine Ins. Co., 254 U.S. 348, 41 S. Ct. 116 (1920). See also Old Wayne Mut. I. Assoc. v. McDonough, 204 U.S. 8, 27 S.Ct. 236 (1907); Williamson v. Berry, 8 How. 495, 540, 12 L. Ed, 1170, 1189, (1850); Rose v. Himely, 4 Cranch 241, 269, 2 L.Ed. 608, 617 (1808)

**IT IS ORDERED** Andrew William of the family: Pankotai is One of the People and NOT Pankotai, Andrew William, Andrew Pankotai, and Andrew W. Pankota who the bench warrants are written for. There is a clear case of mistaken identity in this matter.

**IT IS ORDERED** Andrew William of the family: Pankotai is to be released to one of the Continental united States Marshals immediately.

**FINALLY IT IS ORDERED, ADJUDGED, and DECREED** that any further rogue interference with this court of record's Orders by <u>any</u> officer of your court, including but not limited to Magistrates, your corporate attorney, court administrator or any other clerk, will be a contempt of this court of record and perpetrators will be held in contempt, without motion or hearing.

Filed with a Common Law Clerk this Nineteenth day, First month, Two-Thousand and Seventeenth of the Julian Calendar.

Signatures on following page.

*Exhibit B3*

**The Court**

 

**By Michaelene Jo**
**Continental united States Superior Court Judge**
**of the Common Law**



# State of New Mexico

Susana Martinez
*Governor*

March 14, 2017

Sheriff Louis Burkhard
Valencia County Sheriff's Department
543 Luna Avenue
Los Lunas, NM 87031
(505) 866-2400

Re: <u>Extradition of **Andrew W. Pankotai aka Andrew William Pankotai aka Andrew Pankotai**</u>

Dear Sheriff Burkhard,

Enclosed is Governor Martinez's Warrant with the required supporting documents for the rendition of the above-referenced fugitive from justice wanted by the authorities in the **Commonwealth of Pennsylvania**. The fugitive pled guilty to the crime(s) of **Burglary, and thereafter failed to appear for sentencing.**

Upon receipt of this Warrant, please take the above-named fugitive before a judge of the court of record in this State for advisement of the demand made for extradition and his legal rights in this matter, all in accordance with Section 31-4-10, NMSA 1978. Upon termination of all legal proceedings and once the fugitive is available for release, please notify: **Michael P. Toomey, Assistant District Attorney, Northumberland County District Attorney's Office, Northumberland County Courthouse, 201 Market Street, Sunbury, PA, 17801, (570)988-4134.**

Upon release of the fugitive to the appointed agent, a Sheriff's return must be received from you by this office in order to complete the extradition process.

Thank you,

Marcus Blais
Assistant General Counsel, Office of Governor Susana Martinez

EXHIBIT
2



# State of New Mexico

Susana Martinez
*Governor*

### EXECUTIVE DEPARTMENT

WHEREAS, It appearing from the Requisition of the Governor of the State of **PENNSYLVANIA** and copies of the **Criminal Complaints, Affidavits of Probable Cause, Warrant, Criminal Informations, Waiver of Right to Withdraw Guilty Plea, Guilty Plea Colloquy,** and supporting documents, that **Andrew W. Pankotai aka Andrew William Pankotai aka Andrew Pankotai** pled guilty to the crime(s) of **Burglary, and thereafter failed to appear for sentencing,** committed in said State, and that the said fugitive has taken refuge in the State of New Mexico; and Whereas, the said Governor in pursuance of the Constitution and Laws of the United States, and the laws of the State of New Mexico (Pursuant to the Uniform Criminal Extradition Act), has demanded of me that I cause the said fugitive to be arrested and delivered to **Supervisor Deputy U.S. Marshal Vincent Gambone and/or designees of the U.S. Marshals Service,** who is a duly authorized agent to receive into custody, convey and transport the fugitive back to said State, and Whereas, said demand is duly certified as authentic by the Governor of said State.

NOW, THEREFORE, I, Susana Martinez, Governor of New Mexico, by virtue of the authority vested in me by the Constitution and Laws of this State and the United States do issue this, my Warrant commanding Sheriffs, in whose hands soever this writ may be placed, to arrest and aid in arresting said fugitive and to deliver said fugitive when arrested to said agents in order that the fugitive may be taken back to said State to be dealt with for said crime. Alternatively, if said fugitive is charged with a crime(s) in this State, you may surrender said fugitive to any lawful authority wheresoever he is charged herein, to be held securely until tried and discharged or convicted and punished. Thereafter, said fugitive shall be delivered over to aforesaid agents for return to said State to be dealt with according to its law.

You, the said Sheriff, will, without unnecessary delay, make return of this writ to this office with a statement of your doings, hereunder, endorsed hereon.

IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the Great Seal of the State to be hereto affixed. Done at Santa Fe, the Capitol, this 14TH day of March 2017.

Susana Martinez
Governor of New Mexico

Attested:

Maggie Toulouse Oliver
Secretary of State

State Capitol   •   Room 400   •   Santa Fe, New Mexico 87501   •   505-476-2200   •   fax: 505-476-2226

# Commonwealth of Pennsylvania



# GOVERNOR'S REQUISITION

### THE GOVERNOR OF THE COMMONWEALTH OF PENNSYLVANIA,

### TO THE GOVERNOR OF THE **STATE OF NEW MEXICO**

WHEREAS, It appears by the annexed copies of **Application, Criminal Complaints, Affidavits of Probable Cause, Criminal Informations, Guilty Plea, Warrant, Identification,** which I certify to be authentic and duly authenticated in accordance with the Laws of this Commonwealth, that **ANDREW W. PANKOTAI a.k.a. ANDREW WILLIAM PANKOTAI a.k.a. ANDREW PANKOTAI pled guilty** to the crime(s) of **Burglary,** which I certify to be (a) crime(s) under the Laws of this Commonwealth, committed in the County of **Northumberland** in this Commonwealth, and **thereafter failed to appear for sentencing,** and it having been represented to me that the subject has fled from the justice of this Commonwealth and has taken refuge in the **State of New Mexico**.

NOW THEREFORE, pursuant to the provisions of the Constitution and the Laws of the United States in such case made and provided, I do hereby require that the said **ANDREW W. PANKOTAI a.k.a. ANDREW WILLIAM PANKOTAI a.k.a. ANDREW PANKOTAI** be apprehended and delivered to **Supervisor Deputy U.S. Marshal Vincent Gambone and/or designees of the U.S. Marshals Service, New Mexico,** who are hereby authorized to receive and convey the subject to the Commonwealth of Pennsylvania, there to be dealt with according to Law.

GIVEN under my hand and the Great Seal of the State, at the City of Harrisburg, this _9th_ day of _March_ in the year of our Lord two thousand and seventeen.

_____
Governor of Pennsylvania

By the Governor:

_____
Secretary of the Commonwealth

# Commonwealth of Pennsylvania



# GOVERNOR'S OFFICE

THE GOVERNOR OF THE COMMONWEALTH OF PENNSYLVANIA

TO ALL TO WHOM THESE PRESENTS SHALL COME:

**KNOW YE,** That I have authorized and empowered and by these Presents do authorize and empower

**Supervisor Deputy U.S. Marshal Vincent Gambone and/or designees of the U.S. Marshals Service, New Mexico,**

to take and receive from the proper authorities of the **State of New Mexico,**

**ANDREW W. PANKOTAI a.k.a. ANDREW WILLIAM PANKOTAI a.k.a. ANDREW PANKOTAI,**

a fugitive from justice, and convey the subject to the Commonwealth of Pennsylvania, there to be dealt with according to Law.

GIVEN under my hand and the Great Seal of the State, at the City of Harrisburg, this _9th_ day of _March_ in the year of our Lord two thousand and seventeen.

_Tom Wolf_
Governor of Pennsylvania

By the Governor:

_Pedro C. Cortés_
Secretary of the Commonwealth

# APPLICATION FOR REQUISITION

TO THE HONORABLE Tom Wolf, Governor of the Commonwealth of Pennsylvania

THE PETITION OF Michael P. Toomey, Assistant District Attorney of Northumberland County, Commonwealth of Pennsylvania, respectfully represents:

I.  That the full name, properly spelled, of the person for whom extradition is asked is *(include all aliases)* Andrew W. Pankotai, AKA Andrew William Pankotai, AKA Andrew Pankotai.

II.  That your petitioner verily believes said person is now in Los Lunas (City), State of New Mexico, which belief is founded on information from Daniel Martinez, Valencia County Adult Detention Center.

III.  *(Complete either Paragraph III or Paragraph IV).*

   (A)  That said person plead guilty as appears by annexed <u>certified</u> copy of (check appropriate line(s) and supply necessary information).

       <u>X</u>  Criminal Complaints

       <u>X</u>  Affidavits of Probable Cause

       <u>X</u>  Warrant

       <u>X</u>  Criminal Informations

       <u>X</u>  Waiver of Right to Withdraw Guilty Plea

       <u>X</u>  Guilty Plea Colloquy

   with the crime(s) of <u>Burglary 18 Pa.C.S. 3502(a)</u>

   committed in the County of Northumberland, Commonwealth of Pennsylvania, on or about the 7th day of September, 2013 and the 22nd day of November, 2013;

   (B)  *(Check appropriate paragraph and delete paragraph which does not apply).*

       <u>X</u>     That said person was in the said county and Commonwealth at the time of the commission of said offense, and fled the jurisdiction of the Commonwealth before sentencing could be held and is a fugitive from the justice of this Commonwealth;

   or

   ~~That said person committed (an) act(s) in the State of~~ _____ , ~~or a third state, which intentionally resulted in (a) crime(s) in this Commonwealth under Section 9127 of the Uniform Criminal Extradition Act of June 17, 1978, 42 Pa. C.S.A. ;~~

   (C)  That the said person is now desired in order that he/she may be sentenced for the commission of the said crime;

   (D)  That there is sufficient evidence that was produced at his/her trial to justify said person's conviction;

   (E)  That no delay has occurred in the prosecution of said offense(s) or in the application for requisition once the said person was located;

   (F)  That in my opinion the ends of public justice require that the said person be brought to this Commonwealth for sentencing, at the public expense;

IV.   (A)  That said person having been found guilty and sentenced as appears by the annexed <u>certified</u>

copy of Judgment of Sentence or Abstract of Judgment of the crime(s) of _____

_____

committed in the County of _____, Commonwealth of Pennsylvania on or about

the _____ day of _____, 20____, has

_____ escaped from confinement;

_____ broken the terms of his/her sentence, recognizance, bail, or probation/parole in that he/she failed
to comply with the rules and regulations of the (COUNTY) Probation/Parole Office; and

(B) That said person has fled the jurisdiction of the Commonwealth of Pennsylvania; and

or

(C)  That said person was permitted to reside in the State of _____ while under the supervision
of the _____ County Adult Probation/Parole Department; and

(D)  That no delay has occurred in the application for requisition once the said person was located;

V.   The name of the agent(s) proposed are Supervisor Deputy U.S. Marshal Vincent Gambone or his designees of the
U.S. Marshals Service, New Mexico, who are designated agent(s) for the County of Northumberland and
Commonwealth of Pennsylvania.

The persons named as agents are law enforcement officers or a probation, parole or corrections officer, and that
they have no private interest in the arrest of said person;

VI. That <u>No</u> former application(s) for a requisition for said person, growing out of the same transaction, has been
made;

VII. That this application is not made for the purpose of enforcing the collection of a debt, or for any private purpose
whatever, and if the requisition now applied for be granted, the criminal proceedings shall not be used for any
such object;

VIII. That I am satisfied that the expenses attending the extradition of said person shall be charged upon this county,
or as otherwise provided by law, and I will take the proper means to obtain them.

WHEREFORE, your petitioner prays that a requisition may issue, directed to the Governor of the said State of New
Mexico for the arrest and delivery of the said person, and that Supervisor Deputy U.S. Marshal Vincent
Gambone or his designees of the U.S. Marshals Service, New Mexico, may be appointed Agents on behalf of said
Commonwealth to go after, receive and return the said person to the said County of Northumberland for
sentencing.

COMMONWEALTH OF PENNSYLVANIA

SS

COUNTY OF NORTHUMBERLAND

_____

Michael P. Toomey, Assistant District Attorney

being duly sworn (or affirmed) deposes and says that the facts contained in the foregoing application are true and correct
to the best of my information, knowledge and belief.

_____

(Signature of Assistant District Attorney)

Sworn to (or affirmed) and subscribed before me
this _____ day of _____ A.D., 20 ___

_____

Clerk of the Court of Common Pleas

# VALENCIA COUNTY DETENTION CENTER
## INCIDENT REPORT

| | |
|---|---|
| Inmate Name and Number | Dylan Stamper #37647, Randall Townsend #37649, Townsend Christie #37648 & Pankotai Dixie #37646 |
| Date of Incident | February 2nd 2017 |
| Time of Incident | 1230hrs |
| Date of Report | February 3rd 2017 |
| Location where incident occurred | Sally port |
| Assigned Cell | |

### Detailed Description of Incident (who, what, when, where, why, and how):

On Thursday February 2, 2017 at approximately 1200 hours, Records Manager Richard Martinez advised Deputy Warden Jesus Heredia and Major Randy Gutierrez of paper work he had just received via fax for inmate Andrew Pankotai D#37640. The paperwork contained a release order by a U.S. Continental Superior Court Judge. Records Manager Martinez immediately begins to investigate the authenticity of the paperwork, by speaking via phone call to a U.S Marshal where Mr. Martinez was able to confirming that no paperwork or release order was send by the agency.

At approximately 1230 hours, Major Randy Gutierrez called for the following staff to meet in the training room. Captain Jonathan Garcia, Sergeant Gerald Espinoza, Transport Officer Melvin Gonzales, Transport Officer Omar Vargas, Transport Officer Eric Baca, Transport Officer Andres Nevarez and I Captain Daniel Trujillo, to give us a briefing of the situation. Major Gutierrez stated Records just received release paperwork for inmate Pankotai, this paperwork contains false documentation, and Mr. Martinez has verified with the U.S Marshals that the paperwork is false. Couple hours later, Major Gutierrez was advised by the records Manager, stating he has just received a phone call from a Marshal Haywood advising a team of four marshals were heading to the facility to pick up inmate Pankotai with an estimated arrival time of approximately 1430 hours.

At approximately 1415 hours, Major Gutierrez, Captain Garcia, Transport Officer Vargas, Transport Officer Gonzales, Transport Officer Baca, Transport Officer Nevarez, Sergeant Espinoza, and I entered to the Sally port awaiting the arrival of the team of four Marshals.

At approximately 1515 hours, New Mexico State Police Dispatch advised Major Gutierrez, they were sending a team of Officers to assist us.

At approximately 1526 hours, New Mexico State Police Officer Jeremy Vaughn arrived to the facility. Major Gutierrez briefed NMSP Officer Vaughn of the situation.

At approximately 1528 hours, NMSP Officer Vaughn took over command of the situation. Officer Vaughn briefed us on how the tactical plan in the Sally port was going to take place.

At this time two U.S Marshal arrived to the front door facility to speak with Warden Joseph Chavez and Deputy Warden Jesus Heredia both Officers were escorted to the Deputy Warden office. At approximately five minutes later four individual (2 males and 2 females later identified as Randall Townsend, Dylan Stamper, Christie Townsend, and Dixie Pankotai) arrived in the front of the facility in a black in color ford expedition they all got out of the vehicle and walked into the facility lobby window where they were met by Records Manager Richard Martinez. The individuals identified themselves as Marshals. They handed a yellow in color envelope to Records Manager Mr. Martinez, and they stated they were here to pick up Mr. Pankotai. Mr. Martinez advised them to go around the facility into sally port intake and release area.

The two U.S. Marshal that were in the Deputy Warden office did advise NMSP Vaughn via radio that the two male individuals (Stamper and Townsend) were armed with firearms.

At this time Sergeant Espinoza and I were directed to booking due to not being armed for our safety.

EXHIBIT
3
Bumberg No. 5208

At approximately 1529 hours, the Expedition arrived to the south side sally port.

At approximately 1530 Major Gutierrez and Captain Garcia approached the expedition where they made contact with Mr. Townsend who stated he was the Marshal assigned to pick up inmate Pankotai for release then showed his credentials. Major Gutierrez called via radio for the South Sally Port to open. The expedition entered the Sally Port; Major Gutierrez called via radio for the South Sally Port to be secured.

At approximately 1531 hours while the sally port door was closing the diver Mr. Townsend got out of the vehicle and began walking towards the back of the vehicle, where the teams of Officers were already station with their weapons at a low ready position. At this time the team made contact with the occupants of the expedition and advised R. Townsend and D. Stamper to lay face down on the sally port floor with arm spread. The other two occupants C. Townsend and D. Pankotai were both placed on the ground for everybody's safety. All individuals were pat search for contraband. Officer Nevarez disarmed R. Townsend whom was in possession of a HI point 9mm semi auto pistol on his right hip holstered, two loaded magazine with approximate 18 rounds, and a folding knife. Major Gutierrez disarmed D. Stamper whom was in possession of Ruger SR9, two loaded magazine with approximate 35 rounds, and a folding knife. All contraband was secured in facility issued gun box.

At approximately 1533 hours, all four individuals were restrained, separated, and escorted to secure locations for questioning by NMSP and U.S. Marshals.

NMSP and US Marshals concluded their interviews, R. Townsend, C. Townsend, D. Pankotai, and D. Stamper were booked into the facility with criminal charges. They were all medically assessed by the facility Medical Staff and cleared with no injuries to report.
NMSP and U.S. Marshal took custody of the contraband, and the vehicle was towed out of the facility. After all the booking paperwork was completed Inmate R. Townsend was housed in the Special Housing Unit (SHU) in cell A-202, inmate D. Stamper was also housed in the same Unit the SHU in cell A-101, pending an investigation. The two female inmates D. Pankotai and C. Townsend were housed in booking with no further incident.

| Reporting Supervisor's Name and Title: | Captain Daniel Trujillo |
| Reporting Supervisor's Signature: | |
| Comments: | |

## CHIEF OF SECURITY'S REVIEW

Yes ☑  No ☐
Yes ☑  No ☐
Yes ☑  No ☐

Yes ☑  No ☐

2-6-17

## DEPUTY WARDEN'S REVIEW ONLY

Yes ☑  No ☐