IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

UNITED STATES OF AMERICA;
RANDALL TODD TOWNSEND;
CHRISTIE L. TOWNSEND; DYLAN
STAMPER; DIXIE PANKOTAI; and
ANDREW WILLIAM PANKOTAI,

        Plaintiffs,

        vs.

VALENCIA COUNTY DETENTION
DEPARTMENT, et al.,

        Defendants.

Case No.  1:17-CV-00253

---

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Now before the Court is Defendants' *Motion to Dismiss for Failure to State a Claim* [ECF No. 7]. Plaintiffs' action arises from a civil tort claim against twenty-seven entities and numerous John Does. Specifically, Plaintiffs allege claims of "trespass" and "trespass on case" seeking billions of dollars in damages resulting from an unsuccessful attempt to forcefully release Mr. Andrew Pankotai from the custody of the Valencia County Detention Center in Los Lunas, New Mexico. Defendants filed a properly served motion to dismiss on March 29, 2017. (ECF No. 7 at 7). Plaintiffs failed to file a response. Having considered the motions, and relevant filings, the Court FINDS and ORDERS as follows:

## BACKGROUND

Plaintiffs are self-described "Continental United States of America Marshals" who do not identify themselves as U.S. Citizens and do not recognize the jurisdiction of the United States, the State of New Mexico, or Valencia County, New Mexico. (ECF No. 1 at ¶ 17).  On February 2, 2017 Plaintiffs Randall Townsend, Christie Townsend, Dylan Stamper, and Dixie Pankotai arrived at the Valencia County Detention Center, identified themselves as marshals, and commanded the immediate release of Plaintiff, Andrew Pankotai. (ECF No. 7 at 19–20).  Mr. Pankotai was incarcerated at the Valencia County Detention Center on a Pennsylvania warrant for failing to appear for sentencing after pleading guilty to burglary. (ECF No. 7 at 14).  Having received a signed order for the release of Andrew Pankotai from "U.S. Continental Superior Court Judge Michaelene Jo" earlier that day, officers at the Valencia County Detention Center confirmed with the U.S. Marshal Service no such paperwork had been processed for the inmate. (ECF No. 7 at 19).  Upon arrival at the Valencia County Detention Center, the proclaimed "marshals" were directed to an intake area, restrained, and questioned by the real U.S. Marshals and New Mexico State Police. *Id.* at 20.

After being restrained in the intake facility, officers found both Plaintiff Randall Townsend and Dylan Stamper in possession of a handgun and a knife. *Id.*  Townsend and Stamper were arrested for "bringing contraband into a Place of Imprisonment" while Plaintiffs Christie Townsend and Dixie Pankotai were arrested on conspiracy charges for the same offense. *Id.* at 4–9.  Officers discovered additional contraband—several knives, two machetes, and ammunition—after executing a search warrant on Plaintiffs' black

Ford Expedition which Plaintiffs had parked inside the intake port of the Valencia

County Detention Center. *Id.*

   Plaintiffs contend they acted lawfully under the common law and orders from the

Continental Superior Court. (ECF No. 1 at ¶¶ 3 & 21).  Further, Plaintiffs seek $350

billion in damages for their claims from the United States. (ECF No. 1 at 25).

Defendants moved to dismiss the action for failure to state a claim and ask the Court to

grant the motion as uncontested. (ECF No. 8).

## STANDARD OF REVIEW

   Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a plaintiff's

complaint fails to state a claim upon which relief can be granted.  In reviewing a motion

to dismiss under Rule 12(b)(6), this Court must likewise accept as true "all well-pleaded

factual allegations in a complaint and view these allegations in the light most favorable to

the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  In order to

survive a motion to dismiss, a Complaint must contain "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

   The "plausibility standard" is not a probability requirement, but requires "more than a

sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.*  "The Twombly standard may have greater bite in the context of

a § 1983 claim against individual government actors, because they typically include

complex claims against multiple defendants." *Id.* (quoting *Robbins v. Okla. ex rel. Dep't*

*of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008)). "It is particularly important in such circumstances that the complaint make clear who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id.* (quoting *Robbins*, 519 F.3d at 1250).

Recognizing Plaintiffs are *pro se* litigants, this Court must also view the Complaint and any *pro se* filings liberally. *Haines v. Kerner*, 404 U.S. 519 (1971). However, a court need not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

## DISCUSSION

Defendants filed a *Motion to Dismiss for Failure to State a Claim* on March 29, 2017. (ECF No. 7). Defendants included a valid Certificate of Service that the motion was electronically served and mailed by U.S. Mail, postage prepaid, to each Plaintiff on March 29, 2017. *Id.* at 7; *see also* D.N.M.LR-CIV 5.1. A response must be served and filed within fourteen calendar days after service of the motion. D.N.M.LR-CIV 7.4(a). Plaintiffs failed to respond by April 17, 2017. Defendants now seek to have the Court grant its motion to dismiss for failure to file a timely response. (ECF No. 8 at 1).

District courts retain discretion under D.N.M.LR-CIV. 7.1(b) in determining whether to grant a motion to which the opposing party has failed to respond. *Sheridan v. U.S.*, 214 F. App'x 857, n. 1 (10th Cir. 2007) (citing *Ashby v. McKenna*, 331 F.3d 1148, 1151 (10th Cir. 2003)). The local rule states:

4

> A motion, response, or reply must include a certificate of service on each party. The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion. The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete. D.N.M.LR-Civ. 7.1(b).

A district court may treat an issue to which no timely response is made as unopposed and resolve the issue in favor of the moving party. *See Ortega v. Qwest Corp.*, No. CIV 10-998, 2012 WL 12894834, at *3 (D.N.M. June 6, 2012). However, a district court may not grant a motion to dismiss for failure to state a claim "merely because [a party] failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003). "Even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.* at 1178; *see also Lopez v. Delta Int'l Mach. Co.,* No. CIV 15-0193, 2016 WL 1408152, at *2 (D.N.M. Mar. 15, 2016). The Court now turns its attention to the allegations in the Complaint.

   *a.  Subject-Matter Jurisdiction*

Plaintiffs bring claims for "trespass" and "trespass on case" which are two common-law torts but provide no basis for jurisdiction of these claims by a federal district court. Federal courts have limited jurisdiction and my only exercise jurisdiction when specifically authorized to do so. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such

5

jurisdiction is proper. *Penteco Corp. v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

Defendants assert Plaintiffs make no showing of subject matter-jurisdiction over the common law tort claims. (ECF No. 7 at 4).  The Court agrees.  Assuming the allegations made by the Plaintiffs as true, the Complaint fails to allege facts upon which subject-matter jurisdiction is established—whether this matter is a federal question or based on diversity jurisdiction. *See In re Nakagawa*, 240 F. App'x 249, 250 (10th Cir. 2007). Plaintiffs contend they are neither "U.S. citizens" nor "U.S. persons" and do not appear to recognize the United States government. (ECF No. 1 at ¶¶ 3–5, 17, 130).  The only claims made by Plaintiffs are two common law claims without an explanation of why a federal court has jurisdiction over the matter.  Therefore, the Court finds Plaintiffs failed to allege facts in the Complaint to provide a basis for jurisdiction by this Court.

*b. Sovereign Immunity*

Defendants also allege Plaintiffs fail to state a claim that is plausible on its face because the State of New Mexico and Valencia County are protected by sovereign immunity from state tort claims in federal court since such actions are not waived by the New Mexico Tort Claims Act ("NMTCA"). (ECF No. 7 at 4).  A plaintiff may not sue a governmental entity of New Mexico, or its employees or agents, unless plaintiff's cause of action fits within one of the exceptions to immunity granted in the NMTCA. *See Salazar v. San Juan County Detention Center*, No. CIV 15-0417, 2016 WL 5376320, at *8 (D.N.M. Sept. 20, 2016).  There is no wavier for the tort of trespass under the NMTCA. *Townsend v. State ex rel. State Highway Dept.*, 871 P.2d 958, 959–60 (N.M.

6

1994); PROSSER AND KEETON ON THE LAW OF TORTS § 6 (5th ed.) ("Trespass" and

"Trespass on the Case" are similar torts derived from the same early English writ of

action as remedy for all forcible, direct, and immediate injuries to person or property—

the distinction between the two lay in the immediate application of force to the person or

property of the plaintiff, as distinguished from injury through some obvious and visible

secondary source). Because the claims alleged against New Mexico and the Valencia

County Detention Center are barred under sovereign immunity, the Court must grant the

motion to dismiss because Plaintiffs failed to allege facts to support a plausible claim.

## CONCLUSION

Having considered the filings and relevant exhibits in this matter, the Court finds the

Complaint fails to show the Court has jurisdiction over the common law tort claims and

fails to state a claim for relief that is facially plausible.

THEREFORE, IT IS HEREBY ORDERED Defendants' *Motion to Dismiss for*

*Failure to State a Claim* [ECF No. 7] is GRANTED and all other pending motions are

denied as moot.

Dated this 27th day of April, 2017.


Scott W. Skavdahl
United States District Judge